# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Cathy L. Waldor, U.S.M.J. |
| | : | |
| v. | : | Mag. No. 25-9261 |
| | : | |
| KEION JASON LEWIS | : | **CRIMINAL COMPLAINT** |

    I, Pankaj Sharma, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

SEE ATTACHMENT A

    I further state that I am a Special Agent with the U.S. Department of Justice, and that this complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

                      /s/ Pankaj Sharma
                      _____
                      Pankaj Sharma, Special Agent
                      U.S. Department of Justice

*Special Agent Pankaj Sharma attested*
*to this Affidavit by telephone*
*pursuant to FRCP 4.1(b)(2)(A) on*
*June 16, 2025.*

                      /s/ Cathy L. Waldor
                      _____
                      Honorable Cathy L. Waldor
                      United States Magistrate Judge

## ATTACHMENT A

**(Assaulting, Resisting, and Impeding Certain Officers and Employees)**

On or about June 2, 2025, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**KEION JASON LEWIS**,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, an officer with the Federal Protective Service, a federal law enforcement agency within the U.S. Department of Homeland Security, while engaged in and on account of the performance of official duties.

In violation of Title 18, United States Code, Section 111(a)(1).

## **ATTACHMENT B**

I, Pankaj Sharma, am a Special Agent with the U.S. Department of Justice. The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including documents and physical evidence.  Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The Peter Rodino Federal Building, located at 970 Broad Street, Newark, New Jersey 07102 (the "Rodino Building"), contained offices for federal agencies.

2. The Federal Protective Service ("FPS") was a federal law enforcement agency under the U.S. Department of Homeland Security that provided security and law enforcement services for federally-owned and leased facilities, including the Rodino Building.

3. FPS hired Protective Service Officers ("PSOs") to assist with providing security at the Rodino Building.

4. On or about June 2, 2025, the defendant, KEION JASON LEWIS ("LEWIS"), entered the Rodino Building to visit offices at the Social Security Administration on the 10th floor of the building.

5. LEWIS and two PSOs subsequently entered an elevator.  During the elevator ride, LEWIS lunged at one of the PSOs and choked him.

6. After the PSOs restrained LEWIS and removed him from the elevator, two different PSOs and an FPS officer ("Victim 1"), for public safety, escorted LEWIS in handcuffs to a holding area.

7. While in the holding area, the two PSOs and Victim 1 attempted to remove LEWIS's backpack from his body by uncuffing one of LEWIS's hands.  Once the handcuff was removed, LEWIS struck Victim 1 in the chest and arm.

8. After LEWIS was restrained again, LEWIS stated to Victim 1, in substance and in part, that LEWIS should have headbutted Victim 1 in the nose so that Victim 1 bled all over his uniform.